**CHARLIE THOMAS COURTESY FORD, Appellant,**

v.

**Armando AVALOS, Appellant.**

**No. 17976.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 28, 1981.

Patrick P. Rogers, Porter, Gonzalez & Rogers, Corpus Christi, for appellant.

Jacob Munoz, Huerta, Pena, Beckman & Rodriguez, Corpus Christi, for appellee.

EVANS, Justice.

This is a suit for damages under the Texas Deceptive Trade Practices-Consumer Protection Act. Tex.Bus. & Comm. Code § 17.50(b)(1) (Vernon 1977). The suit is the result of the defendant's failure to make repairs to the plaintiff's automobile in accordance with the parties' agreement.

In response to special issues the jury found, in effect, that the defendant repaired certain parts after it had represented it would replace them with new parts and that as a result of such representation, the plaintiff was damaged in the amount of $449.

The trial court entered judgment on the basis of the jury's findings, awarding the plaintiff $449 as actual damages, and the court trebled that amount pursuant to the statute. The trial court also awarded $300 as punitive damages, plus attorney's fees for both the trial and the appeal.

The record shows that on October 27, 1977, the plaintiff took his damaged car to the defendant's body shop for repairs. The defendant agreed to repair the car in accordance with an insurance company's repair estimate which called for the replacement of a lock post and quarter panel. The assistant manager at defendant's body shop, Mr. Ted Ozuna, advised the plaintiff that the new parts were available in Houston and could be obtained within three days. Several days after turning his car over to the body shop, the plaintiff stopped by the shop to check on the progress of the repair work. At that time he was advised that the metal parts had been replaced and that the repair work would be completed as soon as the shop received delivery of certain body moulding and trim. About thirty days later the work was finally completed and the plaintiff went to the body shop to pick up his car. At that time he expressed concern that the metal parts had not been replaced, and he was again advised that the parts had been replaced and not merely repaired. Several days later he was still worried, and he called Mr. Ozuna on the telephone and expressed his concern to him. Mr. Ozuna sent a copy of the shop's work order to the plaintiff which reflected that the metal parts had been replaced with new parts. However, this did not convince the plaintiff, and he decided to remove the back seat and inside panel to determine if, in fact, the metal parts were new. On examination he found that the quarter panel had not been replaced and had only been repaired, and he returned his car to the body shop. Upon being shown the automobile, Mr. Ozuna admitted that the parts had not been replaced and offered to do the work as originally agreed. The plaintiff refused this offer and, after making demand pursuant to the statute, brought this suit.

Mr. Ozuna, called in as a witness for the plaintiff, testified (1) that the insurance company's estimate called for the replacement of the lock post and quarter panel; (2) that the shop was paid approximately $280 for new parts and that it merely repaired the metal that was already on the plaintiff's car; and (3) that the plaintiff was never informed of these facts. He also testified that if the repaired metal showed cracks, as the plaintiff testified, the entire job would have to be done over.

The defendant did not call any witnesses to testify on its behalf.

The defendant first contends that the trial court erred in rendering judgment in favor of the plaintiff because there were no pleadings or evidence to support its judgment. In this respect it contends that the plaintiff could only recover its actual damages by either (1) specifically pleading and proving the diminution in value of the automobile or (2) seeking the return of the consideration paid. *United Postage Corp. v. Kammeyer*, 581 S.W.2d 716 (Tex.Civ.App.—Dallas 1979, no writ).

■ The plaintiff pleaded and proved that the defendant was paid the total sum of $536.51, in accordance with the insurance company's repair estimate, and that an additional sum of $450 would be required in order to complete the work the defendant had agreed to do. He alleged that he had been adversely affected by the defendant's conduct and sought recovery of his actual damages, trebled pursuant to the statute. In response to the special issues the jury found, in effect, that the plaintiff had suffered economic damage by reason of the defendant's conduct and that the sum of $449 would reasonably compensate him for such damage. The jury was instructed that in arriving at the amount of such compensatory damages, it might consider evidence, if any, of the consideration paid by the plaintiff to the defendant for new parts.

There is testimony from which the jury could have concluded that the work would have to be totally redone, and the findings of the jury with respect to the plaintiff's actual damages are supported by the pleadings and the evidence. The record does not indicate that damages were awarded on a theory of the return of the consideration paid.

■ The defendant next argues that the trial court erred in awarding attorney's fees on appeal because the plaintiff failed to request such recovery in its pleadings. This contention will also be overruled. In his trial amendment the defendant prayed for attorney's fees of "not less than $500.00" for appellate work done by his attorney in the event the lawsuit should be appealed.

■ The defendant further contends that the trial court erred in awarding exemplary damages because there was no evidence or insufficient evidence to support a finding of malicious conduct. This point is also overruled. There was evidence from which the jury could have concluded that the defendant agreed to replace the old parts with new parts and that it charged plaintiff on the basis that new parts had been provided. Furthermore, the defendant continued to assure the plaintiff that new parts had been used, knowing all the while that the damaged parts had merely been repaired.

■ In his final point of error the defendant contends that the trial court erred in entering judgment for both trebled damages and exemplary damages. This point will be sustained. The judgment, in effect, improperly allows a double recovery of punitive damages. *Riverside National Bank v. Lewis*, 572 S.W.2d 553, 561 (Tex.Civ.App.—Houston [1st Dist.] 1978, rev'd on other grounds), 603 S.W.2d 169 (Tex.1980).

The trial court's judgment is modified and reformed by deletion of the amount of $300 awarded as exemplary damages, and in all other respects the judgment is affirmed.

WARREN and DOYLE, JJ., also participating.